**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FLORIDA CARPENTERS REGIONAL
COUNCIL TRAINING TRUST FUND, et al,

                                                        CASE NO. 07-13501
              Plaintiffs,           HON. MARIANNE O. BATTANI

v.

THE COLASANTI GROUP, INC., et al,

              Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S ORDERS AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL**

Before the Court are Defendant CCK Construction Services' Objections (Doc. #52) to Magistrate Judge Paul J. Komives' Order Granting Plaintiff's Motion to Compel (Doc. #42) and to Objections (Doc. #63) to Magistrate Judge Paul J. Komives' Order Granting in Part Defendants' Motion for Clarification (Doc. #62). Defendant CCK objects to the Magistrate Judge's granting of Plaintiff's motion to compel, and ordering all Defendants to provide business records for all their operations in every part of the country. For the reasons discussed below, the Court **ADOPTS** the Orders, but **MODIFIES** the permitted scope of discovery.

A district court must conduct a *de novo* review of the parts of a magistrate judge's order to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress

enacted 28 U.S.C. § 636(b)(1) to "insure that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

Plaintiff employee funds have filed suit against Defendant construction corporations, alleging a failure to make benefit contributions to the funds. Plaintiffs further argued that the Defendants were acting as alter egos of one another, and therefore the non-union Defendant corporations would be liable for any alleged violations. Plaintiffs filed a motion to compel, seeking information regarding (among other things) the Defendants' ownership, work records, and employment records from wherever Defendants did business. Defendant CCK objected to the motion, arguing that the interrogatories were overbroad, and constituted a fishing exhibition on the part of Plaintiffs. Magistrate Judge Komives granted the motion to compel, finding that Plaintiffs' requests were relevant for their claim that the Defendants were acting as alter egos of one another. Magistrate Judge Komives further clarified in a separate order that the motion to compel applied to all Defendants. Plaintiff objections are now before the Court.

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1).

However, Rule 26 also limits discovery where the "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in

controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C)(iii).

The Court finds that the Magistrate Judge correctly applied FED. R. CIV. P. 26 to allow discovery regarding the alter ego doctrine as to all Defendants. Under the alter ego doctrine, evidence of whether Defendants have "substantially identical management, business purpose, operation, equipment, customers, supervision and ownership" is relevant to Plaintiffs' claims. See Nat'l Labor Relations Bd. v. Allcoast Transfer, 780 F.2d 576, 579 (6th Cir. 1986). Defendants challenge this part of the Magistrate Judge's holding, arguing that an "intent to evade" is necessary for the application of the alter ego doctrine. This contention, however, is far from settled law. Compare Trustees for the Resilient Floor Decorators Ins. Fund v. A&M Installations, 395 F.3d 244, 248-9 (6th Cir. 2005) (holding that "an intent to evade preexisting obligations is clearly the focus of the alter ego doctrine") with Yolton v. El Pase Tenn. Pipeline Co., 435 F.3d 571, 587 (6th Cir. 2006) (holding that "no factor is controlling and all need not be present"). Even if Sixth Circuit precedent was clear on this issue, the matter before the Court is a discovery request and therefore the key question is one of relevance, and not whether an intent to evade is a prerequisite of applying the alter ego doctrine. Applying the factors from Allcoast Transfer, 780 F.2d at 579, the Court finds that the disputed interrogatories are relevant under FED. R. CIV. P. 26, as they question the organizational relationship between the Defendants. Therefore, the motion to compel will be granted and all Defendants are to reply to Plaintiffs' discovery requests regarding their "management, business purpose, operation, equipment, customers, supervision and ownership."

However, the Court, mindful of FED. R. CIV. P. 26(b)(2)(C), will limit this discovery request. Allowing Plaintiffs to request all of Defendants' employment and contracting records

from all the places where Defendants do business is a case where the "burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(2)(C)(iii). The Court will therefore limit the discovery to the State of Florida, where the alleged evasion took place, and the State of Michigan, where the Defendants are incorporated and have their main place of operation. If Defendants are acting as alter egos, the business records from these jurisdictions will reflect such an arrangement, and this will limit the burden placed on Defendants in having to produce these records.

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's Motion to Compel is **GRANTED** in part and **DENIED** in part, and the scope of discovery against all Defendants is limited to Florida and Michigan.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: September 10, 2008

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary mail and electronic filing.

s/Colette Motowski
Secretary